UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11477-GAO

R. H. MANDEVILLE,
Petitioner,

v.

ERIN GAFFNEY, Superintendent of Old Colony Correctional Center,
Respondent.

CERTIFICATION OF QUESTION OF LAW
TO THE MASSACHUSETTS SUPREME JUDICIAL COURT
February 27, 2020

O'TOOLE, S.D.J.

Rae Herman Mandeville, acting *pro se*, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent, Erin Gaffney, superintendent of the facility in which Mandeville is held, has moved to dismiss the petition.

The petitioner is serving a life sentence for his conviction of first-degree murder, which conviction was affirmed on direct appeal by the Massachusetts Supreme Judicial Court. Commonwealth v. Mandeville, 436 N.E.2d 912 (Mass. 1982). Various attempts by the petitioner to obtain postconviction relief were denied. After three prior petitions for habeas corpus relief from this court under 28 U.S.C. § 2254 were dismissed for failure to exhaust state remedies, he brought this fourth such petition. The respondent has moved to dismiss the pending petition on the ground that it is untimely under the limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d).

Massachusetts law of criminal procedure permits a defendant whose conviction of a crime has been affirmed on direct appeal thereafter to move under certain conditions for the grant of a new trial. See Mass. R. Crim. P. 30(b); Commonwealth v. Moore, 556 N.E.2d 392, 398 (Mass.

1990). If the defendant has been convicted of a capital crime, after a new trial motion has been denied the defendant may petition a single justice of the Supreme Judicial Court for leave to appeal that denial to the full court if the matter at issue "presents a new and substantial question which ought to be determined by the full court." Mass. Gen. Laws ch. 278, § 33E. Such a single justice petition is generally referred to as a "gatekeeper" petition.

Prior to December 13, 2000, there was no time limit for the filing of a gatekeeper petition under § 33E seeking review of the denial of a new trial motion. On that date, however, the Supreme Judicial Court established a prospective rule that a gatekeeper petition would be timely, and thus eligible to be entertained on the merits, only if filed within thirty days after the denial of the new trial motion. Mains v. Commonwealth, 739 N.E.2d 1125, 1130 n.10 (Mass. 2000).

In arguing that AEDPA's one year limitations period applicable to the present petition expired prior to the filing of the petition, the respondent contends that any gatekeeper petition seeking to appeal the denial of a postconviction new trial motion that would still have been viable as of the date of the decision in Mains would have to have been filed not later than thirty days after the Mains decision. The respondent's position is that a defendant who had not sought permission by a § 33E petition to appeal the previous denial of a new trial motion by January 12, 2001, was foreclosed by the rule announced in Mains from seeking review of the denial. If this contention is correct, the habeas limitations period applicable to any subsequent petition would have begun to run from January 13, 2001, see 28 U.S.C. § 2244(d), and in this case would have expired well before the present petition was filed on August 4, 2017.

The petitioner, in contrast, contends that Mains only imposed a time limit for the filing of a gatekeeper petition for denials of new trial motions that occurred after the Mains decision. As to denials that occurred prior to that, he argues that the absence of a time limit for filing a gatekeeper petition still applies and those denials may still be the subject of present or future gatekeeper

2

petitions. Therefore, as is relevant to the pending motion to dismiss, the petitioner contends that the AEDPA limitations period has still not commenced as to his petition because at least two of his motions for new trial that were denied in the Superior Court (those filed in 1982 and 1991) have not yet been the subject of a gatekeeper petition, and he may still prosecute such a petition as to either or both of them. Another judge of this court, addressing one of the petitioner's earlier habeas petitions, felt bound to agree with that proposition in a nonprecedential ruling. See Mandeville v. Spencer, Civ. Action No. 14-12220-FDS, 2015 WL 4498010 at *1 (D. Mass. July 23, 2015).

In the circumstances, it is prudent to request an authoritative interpretation of the Mains time limit for seeking review of the denial of postconviction new trial motions by way of gatekeeper petitions. Accordingly, the following question of Massachusetts state law is certified to the Supreme Judicial Court pursuant to that court's Rule 1:03:

> Does the thirty-day time limitation established by the Court in Mains for filing a gatekeeper petition under Mass. Gen. Laws ch. 278, § 33E, apply to denials that had occurred prior to December 13, 2000, so as to permit only gatekeeper petitions regarding those prior denials that were filed within thirty days of the publication of the Mains opinion, or do those pre-Mains denials continue to be not subject to any time limitation as under the prior practice?

The Clerk of the Court is directed to forward to the Massachusetts Supreme Judicial Court, under official seal of this court, a copy of this Certification and to provide any portion of the record that the Supreme Judicial Court may require. The respondent shall bear the fees and costs of certification as the petitioner is acting *pro se*. See SJC Rule 1:03 § 5.

It is SO ORDERED.

                                                       /s/ George A. O'Toole, Jr.
                                                    Senior United States District Judge