UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11477-GAO

R.H. MANDEVILLE,
Petitioner,

v.

ERIN GAFFNEY,
Respondent.

OPINION AND ORDER
March 6, 2023

O'TOOLE, D.J.

The petitioner Rae Herman Mandeville, proceeding pro se, seeks a writ of habeas corpus under 42 U.S.C. § 2254. Mandeville's three prior habeas petitions—also filed pro se—were dismissed for failure to exhaust remedies in state court. Respondent Erin Gaffney, the superintendent of the facility where Mandeville is incarcerated, now moves to dismiss this fourth petition for that same reason. (Resp't's Second Mot. to Dismiss at 1 (dkt. no. 33).) For the following reasons, the motion to dismiss is granted.

**I.     Procedural History**

In 1976, Mandeville was convicted by a jury in the Massachusetts Superior Court of two crimes: first-degree murder and armed assault with intent to murder. He is serving a life sentence for the first conviction and a concurrent 18–20-year sentence for the second.[1] In affirming his conviction on direct appeal, the Massachusetts Supreme Judicial Court noted that the "evidence of

---

[1] This sentence has now been served.

the defendant's guilt was substantial." Commonwealth v. Mandeville, 436 N.E.2d 912, 918 (Mass. 1982).

Between 1982 and 2017, Mandeville filed eight motions for a new trial in Massachusetts Superior Court, each of which was denied. In 2001, 2012, and 2017, he appealed those denials in three unsuccessful "gatekeeper petitions" to the Massachusetts Supreme Judicial Court ("SJC") pursuant to Massachusetts General Laws Chapter 278, Section 33E.[2] And in 1995, 2005, and 2014, Mandeville brought unsuccessful habeas petitions in the District of Massachusetts.[3]

Mandeville filed this latest habeas petition in August 2017. The respondent moved to dismiss, arguing that the SJC's decision in Mains v. Commonwealth rendered Mandeville's petition time-barred under 28 U.S.C. § 2244(d). See Mains, 739 N.E.2d 1125, 1130 n.10 (Mass. 2000). The parties disputed whether Mains, which established a thirty-day time limit for a prisoner's filing of an SJC gatekeeper petition following denial of a motion for a new trial, applied to such denials occurring before December 13, 2000 (the date of the Mains decision). If so, any pre-Mains denials not appealed within thirty days of the Mains decision would be untimely and thus not subject to the tolling provision under 28 U.S.C. § 2244(d)(2). In the absence of definitive state law resolution of that dispute, this Court certified the question to the SJC, which ruled that a petition such as Mandeville's would not be governed by the thirty-day rule announced in Mains because "pre-Mains denials continue not to be subject to any time limitation." Mandeville v. Gaffney, 167 N.E.3d 416, 417 (Mass. 2021). In accordance with the SJC's decision, this Court

---

[2] Section 33E permits petitioners convicted of first-degree murder to appeal denials of their motions for a new trial to a single "gatekeeper" SJC justice, who may then grant full SJC review if the petition "presents a new and substantial question."

[3] Previous decisions have traced Mandeville's habeas claims in detail. See, e.g., Mandeville v. Thompson, No. 05-11969-MLW, 2014 WL 1338277, at *1–7 (D. Mass. March 31, 2014).

denied the respondent's first motion to dismiss. The respondent then filed this second motion to dismiss now before the Court, arguing that Mandeville failed to exhaust his remedies in state court.

## II.  Discussion

"[A] federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Fusi v. O'Brien, 621 F.3d 1, 5 (1st Cir. 2010); 28 U.S.C. § 2254(b)(1). To exhaust a federal claim, a habeas petitioner "must fairly present—or do his best to present—the issue to the state's highest tribunal." Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 819 (1st Cir. 1998).

A petitioner "fairly present[s]" a federal claim in state court by "alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004). "[A] habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of this federal claim." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); see also Rose v. Lundy, 455 U.S. 509, 520 (1982) ("Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.").

Mandeville has presented four appeals to the SJC: his direct appeal in 1982, and his gatekeeper petitions in 2001, 2012, and 2017. To satisfy the exhaustion requirement, Mandeville must have fairly presented "each and every claim" in his present habeas petition somewhere in those four previous SJC appeals. Fusi, 621 F.3d at 5.

He has not. His present petition contains at least one plainly unexhausted claim. Claim (A) for "Ineffective Assistance of Counsel" and its antecedents in Mandeville's SJC petitions do not "clearly indicate the nature of [his] defense attorney's prejudicial conduct." United States v. Butt, 731 F.2d 75, 78 (1st Cir. 1984). In fact, in its present version, Mandeville's claim makes no specific

factual allegation whatsoever identifying his attorneys' omission(s). Mandeville has therefore failed to bear his "heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of this federal claim." Adelson, 131 F.3d at 262.

Similarly, Mandeville's one-sentence Claim (C) for "Judicial Error" alleges "no indication or itemization herein, or therein, such as ballistics, privileges, etc." (Pet. for a Writ of Habeas Corpus ("Pet.") at 12 (dkt. no. 1).) The claim, which appears in near-identical form in Mandeville's second and third gatekeeper petitions, contains no reference to federal law; nor are the factual and legal bases of the claim set forth in any understandable manner. (See Resp't's App. Accompanying Her Mot. to Dismiss ("App.") at 115, 185 (dkt. no. 18).) As respondent argues, "none of [Mandeville's SJC filings] included a federal claim concerning the distinct focus of Claim C—that there was 'Judicial Error' because of the SJC's failure to sufficiently address issues of ballistics and privilege in its opinion." (Mem. in Supp. of Resp't's Second Mot. to Dismiss at 17 (dkt. no. 34).)

As a final example, Claim (M) alleges that Mandeville was deprived of "the right to be represented [by] legal [counsel], and qualified [counsel] . . . pursuant to the 'Declaration of Rights for the Inhabitants of the Commonwealth of Massachusetts.'" (Pet. at 25.) Mandeville made similar claims in his 2001 first gatekeeper petition and 2005 habeas petition. Judge Wolf, in dismissing the latter, explained that "the federal constitution does not provide 'any right to counsel in state collateral proceedings after exhaustion of direct appellate review.' . . . Accordingly, Mandeville did not exhaust this claim in his 2001 § 33E petition." Mandeville v. Thompson, No. 05-11969-MLW, 2014 WL 1338277, at *11 (D. Mass. March 31, 2014) (quoting Coleman v. Thompson, 501 U.S. 722, 756 (1991)). And because Mandeville failed to exhaust the claim in any subsequent SJC filing, it remained unexhausted. Id. Mandeville's third gatekeeper petition—his

4

only SJC filing since Judge Wolf's decision in 2014—likewise does not include a "right to counsel" claim in any form. Claim (M) remains unexhausted.[4]

Mandeville's, therefore, is a "mixed petition" containing at least one unexhausted claim.[5] See Rose, 455 U.S at 510. A district court may either i) stay the petition pending exhaustion in state court, ii) dismiss it entirely, or iii) allow the petitioner to proceed with his exhausted claims only. See Rhines v. Weber, 544 U.S. 269, 277–78 (2005). Stays are available only in the "limited circumstances" where the petitioner shows good cause for his failure to exhaust and his claims are not "plainly meritless." Id. at 277. Where a stay is not warranted, a district court retains the "discretion to dismiss the petition." DeLong v. Dickhaut, 715 F.3d 382, 387 (1st Cir. 2013). "[I]f dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief," the court may alternatively allow the petitioner to drop any unexhausted claims. Rhines, 544 U.S. at 278.

There is no good cause here. See Thompson, 2014 WL 1338277, at *12 ("Mandeville has not shown good cause for his failure to satisfy the exhaustion requirement"). Over forty-plus years of active litigation, Mandeville has still not yet fully exhausted each of his asserted claims in state court before presenting them to this Court. Sena v. Kenneway, 997 F.3d 378, 387 (1st Cir. 2001) (dismissing pro se petitioner's mixed habeas petition because "the sheer length of the delay militated against a finding of good cause"). Rather, he "has demonstrated a persistent

---

[4] The June 5, 2017 Supplement to the third gatekeeper petition does reference the "Right to an Attorney" in the "Summary" Section but articulates no distinct claim. (App. at 199.)

[5] The Court in no way implies that Mandeville's claims other than those discussed above are exhausted. Because a single unexhausted claim is sufficient for dismissal of the petition, a further claim-by-claim analysis would be superfluous. See Dreher v. Pinchak, 61 F. App'x 800, 806 n.3 (3d Cir. 2003) ("Having found one unexhausted claim, we express no opinion as to whether all claims have been properly exhausted.").

misunderstanding of the exhaustion requirement"—despite this Court's prior efforts to elucidate it. Thompson, 2014 WL 1338277, at *12. "Ignorance of the law," however, "does not constitute good cause." Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir. 2007). Nor is his pro se status per se good cause, as his voluminous filings show he is "capable of acting to his own behoof." Sena v, 997 F.3d at 387; Rose, 455 U.S. at 520 ("pro se petitioners . . . should [] be able to master this straightforward exhaustion requirement").

Dismissal of Mandeville's *fourth* habeas petition does not "unreasonably impair" his access to federal relief. He just has to fulfill the prerequisites to a claim for relief under § 2254.

The respondent's Second Motion to Dismiss is GRANTED. The petition is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge