UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11477-GAO

R.H. MANDEVILLE,
Petitioner,

v.

ERIN GAFFNEY,
Respondent.

ORDER
March 10, 2023

O'TOOLE, D.J.

Under Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may only issue a certificate of appealability if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Rae Herman Mandeville's fourth habeas petition—like his previous three—contains unexhausted claims. He has not shown good cause for his failure to exhaust and still does not appear to understand the requirement. (See, e.g., Pet.'s Resp. to Second Mot. to Dismiss at 28 ("One need not point out a Federal issue in a State Court [] before bring[ing] a Federal issue.") (dkt. no. 37).)

Dismissal is the only appropriate outcome in this case. Accordingly, the Court denies a certificate of appealability as to all claims in Mandeville's latest petition.

    It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge